UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROGER K. DAVIS, <br><br> Plaintiff, <br><br> v. <br><br> JESSE R. SMART, CHARLES W. SCHOLZ, BRYAN A. SCHNEIDER, BETTY J. COFFRIN, HAROLD D. BYERS, CASSANDRA B. WATSON, WILLIAM M. McGUFFAGE, ERNEST L. GOWAN, RUPERT T. BORGSMILLER, and JAMES TENUTO, all in their official capacities as officers and members of the Illinois State Boeard of Elections, <br><br> Defendants. | Civil No. 14-3224 |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is the Defendants' Motion to Dismiss (d/e 8). Because the Plaintiff has failed to state a valid claim for relief, the Defendants' motion is GRANTED.

On June 23, 2014, the Plaintiff, Roger Davis, filed a statement

of candidacy at the Illinois State Board of Elections, seeking to appear on the ballot in the upcoming November 2014 elections as an independent candidate for the United States Senate. Complaint, d/e 1 at 11. The only signature Davis submitted with his application was his own. Id. After several people filed objections to Davis's application based on Davis's failure to collect signatures, the Illinois State Board of Elections ("ISBE") requested briefing from the objectors and from Davis. Id. at 12-13. The objectors argued that Davis's candidacy could not proceed because he had not met the requirement in 10 ILCS 5/10-3 that he submit 25,000 signatures with his application. See Objection, d/e 1 at 19-20. In response, Davis raised a number of constitutional objections to the signature requirement. See Davis Memorandum of Law, d/e 1 at 23-24. After reviewing the memorandums filed by the objectors and Davis, the ISBE ruled that Davis's application to appear on the ballot for the U.S. Senate should be denied based on his failure to secure the necessary signatures. See ISBE Decision, d/e 1 at 28-29.

On July 25, 2014, Davis filed this lawsuit against the

Defendants, who are all officers or members of the ISBE, seeking an injunction of the signature requirement and placement on the ballot for the November 2014 election. The Defendants now move to dismiss Davis's complaint under Federal Rule of Civil Procedure 12(b)(6) based on the substantial body of case law upholding signature requirements for election applicants.

Dismissal under Rule 12(b)(6) is proper if a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In determining whether a complaint can survive a motion to dismiss, the Court can consider "the allegations that are contained in [the complaint] and all reasonable inferences drawn from [the complaint] in favor of the nonmovant." Dausch v. Rykse, 52 F.3d 1425, 1428 (7th Cir. 1994).

Davis argues that the signature requirement in 10 ILCS 5/10-3 violates Article 1, Section 3 of the United States Constitution, which imposes age and residency requirements for senators, and the Seventeenth Amendment, which provided for direct election of

senators rather than appointment of senators by state representatives. Davis also cites U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779 (1995), for the proposition that "states cannot impose qualifications for prospective members of the U.S. Congress stricter than those specified in the Constitution." He further alleges that Illinois's restrictions burden independent candidates more than Democratic or Republican candidates.

    In the case Davis cites, Thornton, the Supreme Court struck down an Arkansas constitutional amendment that imposed a three-term limit on candidates for United States Congress. The Court held that the amendment was unconstitutional because "it ha[d] the likely effect of handicapping a class of candidates and ha[d] the sole purpose of creating additional qualifications indirectly." 514 U.S. at 836. However, the Court also reaffirmed its previous decision in Storer v. Brown, 415 U.S. 724 (1974), which upheld a California law that required independent candidates to collect signatures equal to 5% of the votes cast in the previous election. Thornton, 514 U.S. at 828. The Court differentiated Arkansas's term-limit amendment—which constituted an impermissible qualification because it could

completely bar a candidate from running the way the qualifications in the Constitution do—from the signature requirement, which was simply a rule to ensure that a candidate had community support, much like the primary system for the Democratic and Republican Parties.  Id. (citing Storer, 415 U.S. at 746 n.16).  In other words, a state could impose a signature requirement for independent candidates "to assure itself that the candidate is a serious contender, truly independent, and with a satisfactory level of community support."  Storer, 415 U.S. at 746.

After Thornton, the Seventh Circuit rejected a challenge to Illinois's requirement that a new political party produce signatures totaling 5% of the previous election's vote count before being allowed to place candidates on a congressional ballot.  See Libertarian Party of Illinois v. Rednour, 108 F.3d 768 (7th Cir. 1997).  In Rednour, the Seventh Circuit cited Storer for the proposition that states have "a duty to ensure that the electoral process produces order rather than chaos."  Id. at 774 (citing Storer, 415 U.S. at 729).  The court found that the 5% petitioning requirement was not a severe burden and that the requirement was

justified by Illinois's legitimate interest in ensuring that a new party "demonstrate[] a modicum of public support" before being allowed to "place its candidates on an election ballot." Id. at 775.

In sum, Thornton, Storer, and Rednour all rejected Davis's arguments that a signature requirement constitutes an impermissible qualification above those specified in the United States Constitution.  The 25,000 vote requirement is a valid state measure to ensure that independent candidates "demonstrate[] a modicum of public support" before they can be placed on an election ballot.  See Rednour, 108 F.3d at 775.  Therefore, Davis's Complaint fails to state a claim as a matter of law.  The Defendants' Motion to Dismiss (d/e 8) is GRANTED, and Davis's Complaint is DISMISSED.  The Clerk of Court is directed to close this case.

ENTER: March 12, 2015.

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE